**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDITH LUCKE, | No. 09-35142 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01149-ST |
| v. | |
| MULTNOMAH COUNTY; BERNIE GIUSTO, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding

Argued and Submitted February 4, 2010
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Judith Lucke appeals the district court's judgment in her action against

Multnomah County and various employees of Multnomah County. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

_____

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not abuse its discretion by excluding certain comparator evidence. Multnomah County did not stipulate that other county employees who allegedly received less discipline for similar misconduct had not used FMLA leave. Similarly, Multnomah County did not stipulate that other county employees who allegedly received less discipline for similar misconduct had not requested an ADA accommodation. Nor did Lucke provide such evidence at trial. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). The district court did not adopt a per se evidentiary rule by limiting comparator evidence to other correctional employees because the court based its ruling on the unique factual circumstances at issue, namely, that Lucke, unlike the other employees, was a corrections employee who was not involved in law enforcement or management. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).

The district court did not err when it dismissed Lucke's ADA failure-to-accommodate and Title VII retaliation claims at summary judgment. Under the ADA, an employer must in good faith engage in an interactive process with the employee to determine if a reasonable accommodation is available. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc), *vacated on other grounds*, 535 U.S. 391 (2002). Multnomah County initiated the interactive process with

Lucke, offered Lucke almost every accommodation that she requested, and the record as a whole establishes that the Sheriff's office acted in good faith to accommodate Lucke. Lucke cannot assert subjective bad faith of the county when it offered to accommodate her, without linking some rejection of a requested accommodation to bad faith or showing how an accommodation refused was reasonable on its face. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002).

To survive summary judgment under Title VII, Lucke had to adduce a triable issue of fact that Multnomah County's justifications for terminating Lucke were merely a pretext for discrimination. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003). Here, the Multnomah County Sheriff's office submitted extensive evidence of conduct of Lucke that had generated investigations and that suggested she was not fit for the corrections job. This included evidence that a prisoner had escaped on her watch, that she had repeatedly not joined to resist prisoner violence against another custodian, that she encouraged inmates to fight, that she didn't follow superiors' direction concerning procedures for recording events in a log book, and, perhaps most strikingly, that she had left her personal firearm loaded and unattended in a locker room cleaned by inmates. In response to this ample evidence, Lucke had to show evidence of pretext to avoid summary judgment. But the record as a whole shows that the

3

problems encountered by the Sheriff's office with Lucke were genuine, not pretextual. Lucke's citation to the same minimal evidence that supported her prima facie case of retaliation, a statement unrelated to Lucke's sex and the proximity of time between the filing of the complaint and the adverse actions, was insufficient to raise an issue of fact regarding pretext. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

The district court also properly dismissed Lucke's ADA discrimination and retaliation claims as well as her FMLA interference and First Amendment retaliation claims.[1] The district court determined that no reasonable juror could conclude that Lucke could perform the essential functions of her job and that Multnomah County had sustained its burden of proof on the mixed-motive defense. Either one of these conclusions was sufficient to dismiss Lucke's ADA discrimination claim, *see Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005); *Kees v. Wallenstein*, 161 F.3d 1196, 1199 (9th Cir. 1998), and Lucke only appeals the former, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed

---

[1] Lucke's state-law discrimination and retaliation claims were submitted to the court, not the jury, and the court found in favor of Multnomah County. Lucke did not challenge the district court's findings on that issue. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

waived."). In any event, the only doctor to evaluate Lucke's ability to perform the essential functions of her job concluded that she did not have that ability.

No reasonable jury could have found that Multnomah County violated the FMLA because Lucke had taken FMLA leave unabated for several years and the evidence showed only that Multnomah County was aware that Lucke had previously taken FMLA leave.[2] Similarly, because the district court did not abuse its discretion by excluding Lucke's comparator evidence, and because considerable time elapsed between the filing of Lucke's discrimination complaints and the disciplinary actions, Lucke could not show that Multnomah County or the individual employees retaliated against her for filing the complaints. *See, e.g.*, *Manatt v. Bank of Am., NA*, 339 F.3d 792, 802 (9th Cir. 2003).

**AFFIRMED**

---

[2] Lucke's Oregon Family Leave Act claim was dismissed at summary judgment, and Lucke does not challenge on appeal that dismissal. *See Smith*, 194 F.3d at 1052.